WO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Nicholas Ligidakis, | No. CV-25-00009-PHX-DLR (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Warren, et al., | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 17) regarding Plaintiff Joseph Nicholas Ligidakis' motion to amend the complaint (Doc. 11). The R&R recommends that the Court deny the motion. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 17 at 4.) Movant filed an objection to the R&R on November 13, 2025 (Doc. 21), Defendants did not file a reply. The Court has considered the objections and for the following reasons sustains them in part and overrules them in part.

## I.    Background

This is a pro se civil rights action filed by an Arizona inmate pursuant to 42 U.S.C. § 1983. Plaintiff's operative complaint alleges that following his transfer to the Rynning Unit in June 2024, Inmate J.M., who is seriously mentally ill and had previously assaulted other inmates, was placed in his cell. Plaintiff further alleges that on September 10, 2024,

J.M. hit Plaintiff on the head with a metal immersion heater, causing serious injury to Plaintiff's eye, pulled one of Plaintiff's fingers out of its socket, and bit Plaintiff.

Plaintiff brough suit in January 2025. (Doc. 1.) On screening under 28 U.S.C. § 1915A(a), the Court dismissed Counts II and IV without prejudice and dismissed Defendants Unknown Correctional Officer, Unknown Correctional Officer III, Negron, Unknown Deputy Warden, and Thornell without prejudice. The screening order required Defendants Warren and Pomerantz to answer Counts I, III, and V. (Doc. 9.) Plaintiff now moves to amend the complaint (Doc. 11) and has lodged a proposed first amended complaint ("FAC") (Doc. 12). The proposed FAC does not change Counts I and III but adds defendants to Count V. (Doc. 11 at 2.) Additionally, the proposed FAC amends Counts II and IV and adds Counts VI and VII. (*Id.*) The R&R recommends denying Plaintiff's motion to amend (Doc. 17 at 4) to which Plaintiff objects, arguing that the amended counts should survive (Doc. 21 at 2, 5, 6).

## II.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b)(2), a party objecting to a Magistrate Judge's R&R must state "specific written objections to the proposed findings and recommendations." The Court must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). General objections are insufficient. "The Court is relieved of any obligation to review a general objection to the R&R." *McDowell v. Richardson*, No. CV-11-0716-PHX-DGC, 2012 WL 393462, at *2 (D. Ariz. Feb. 7, 2012); *see also Martinez v. Shinn*, No. CV-19-04481-PHX-DGC-ESW, 2020 WL 6562342, at *2 (D. Ariz. Nov. 9, 2020) ("Because de novo review of the entire R&R would defeat the efficiencies intended by Congress, a general objection has the same effect as would a failure to object.") (internal quotation marks and citation omitted).

## III.    Discussion

### A.    Objection 1

Plaintiff's first objection is to the R&R's finding that Count II of Plaintiff's

proposed FAC, an Eighth Amendment failure-to-protect claim, does not allege specific facts showing that each named defendant knew of and disregarded a substantial risk of serious harm. (Doc. 21 at 2.) The R&R finds the FAC, like the original complaint, fails to "allege specific facts to support that these Defendants (i) actually knew, or should have known, any of these facts and (ii) had the authority to transfer J.M. elsewhere or had any reason to believe that J.M. would assault Plaintiff." (Doc. 17 at 2.) The Court disagrees regarding one defendant.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

In Count II of the proposed FAC Plaintiff alleges that J.M. was placed in Plaintiff's cell after J.M had previously committed an unprovoked assault at another unit. (Doc. 12 at 8.) Plaintiff further alleges that J.M. had a history of mental illness and violence and was designated seriously mentally ill. (*Id.*) Additionally, Plaintiff alleges that J.M. had a classification score of 60/47 while Plaintiff only had a score of 30/19. (*Id.*)

Plaintiff alleges that Defendant Warden Staci Ibarra "was responsible for the overall safety and supervision of inmates and staff at Rynning Unit." (*Id.* at 9.) Because all the allegations taken together do not support that Ibarra knew of the risk J.M. posed and then disregarded that risk, Plaintiff has not alleged a cognizable Eighth Amendment failure-to-protect claim against Ibarra.

Plaintiff alleges that Defendant Deputy Warden Romney "was responsible for housing and classification dec[i]sions." (*Id.*) This allegation asserts that Romney knew of Plaintiff and J.M.'s respective classifications and the potential risks of housing them together, and decided to house them together anyway. Thus, as to Romney, Plaintiff has alleged a cognizable Eighth Amendment failure-to-protect claim.

Plaintiff alleges that Defendants unknown COs John/Jane Doe "were officers on duty at Rynning Unit on September 10, 2024, responsible for monitoring cells and responding to call buttons." (*Id.*) As best as the Court can tell, Plaintiff included these defendants in relation to the allegation that he "pressed the emergency call button repeatedly before officers opened the door allowing him to escape." (*Id.* at 8.) Plaintiff does not sufficiently allege that these defendants deliberately disregarded a risk by failing to take reasonable measures and thus Plaintiff has not alleged a cognizable Eighth Amendment failure-to-protect claim against unknown COs John/Jane Doe.

Plaintiff alleges that Defendant CO II Smith "was responsible for housing inmates at Rynning Unit." (*Id.* at 9.) That Smith "was responsible for housing inmates" is vague and does not provide enough to support that Smith had the necessary knowledge of any substantial risk to Plaintiff. This stands in contrast to the allegations against Defendant Romney, who Plaintiff alleged was responsible for both housing and classification and responsible for the actual decision making. This is insufficient to allege a cognizable Eighth Amendment failure-to-protect claim.

Plaintiff alleges that Defendant Director Ryan Thornell "is responsible for operations of state correctional institutions in Arizona." (*Id.* at 9.) The proposed FAC alleges no facts showing that Thornell knew of and disregarded a substantial risk of serious harm to Plaintiff by housing him with J.M. Accordingly, Plaintiff has not alleged a cognizable Eighth Amendment failure-to-protect claim against Thornell.

Plaintiff's first objection is sustained in part and overruled in part. Count II may proceed against Defendant Romney.

**B.    Objection 2**

- 4 -

Plaintiff's second objection is to the R&R's finding that Count IV of Plaintiff's proposed FAC, a Fourteenth Amendment claim, is vague and conclusory. (Doc. 21 at 5.) The R&R finds the allegations "vague and conclusory" because the proposed FAC "fails to allege specific facts showing what each defendant knew about J.M.'s dangerousness or what role each played in J.M.'s classification decisions." (Doc. 17 at 3.) The Court disagrees in part.

As an initial matter, Plaintiff's status as an inmate means that his claim necessarily arises under the Eighth rather than Fourteenth Amendment. "Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. City of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016). And when "a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)) The Court will analyze Plaintiff's claim as stating a claim for relief under the Eighth Amendment. *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) ("A pro se complaint must be 'liberally construed,' since 'a pro se complaint, however clumsily pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'")

As in Count II, Count IV of the proposed FAC alleges that Defendant Thornell was "responsible for the operation of state correctional institutions in Arizona. (Doc. 12 at 15.) Again, the proposed FAC alleges no facts showing that Thornell knew of and disregarded a substantial risk of serious harm to Plaintiff by housing him with J.M. and Plaintiff has not alleged a cognizable claim against Thornell.

Plaintiff alleges that Central Classification Committee Members John/Jane Doe "were responsible for approving housing and override decisions for inmates transferred to Rynning Unit." (*Id.*) It further alleges that these defendants overrode classification

recommendations to approve both Plaintiff's and J.M.'s placement at Rynning. (*Id.*) Lastly, Plaintiff alleges that these defendants knew that J.M was severely mentally ill and violent and knew that Plaintiff was a lower custody inmate. (*Id.*) The allegations describe the role that these defendants played and what they knew about Plaintiff and J.M. This is sufficient to state a claim.

Plaintiff's second objection to the R&R is sustained in part and overruled in part. Count IV may proceed against Defendants Central Classification Committee Members John/Jane Doe.

### C.    Objection 3

Plaintiff's third and final objection is to the R&R's finding that Counts VI and VII of Plaintiff's proposed FAC, Eighth Amendment claims, are vague and conclusory. (Doc. 21 at 6.) The R&R finds the proposed FAC "does not identify which specific conditions violated the Constitution, which defendants were responsible for those conditions, or what each defendant knew or did regarding the allegedly unconstitutional conditions." (Doc. 17 at 3.) The Court agrees. These counts are vague, conclusory, and largely repetitive of facts and claims contained elsewhere in the proposed FAC. Plaintiff's third objection to the R&R is overruled.

### IV.    Conclusion

The Court sustains Plaintiff's objections to the R&R in part and overrules them in part and so accepts in part and does not accept in part the R&R. Accordingly, Plaintiff's motion to amend the complaint is granted in part and denied in part. The amended, now operative, complaint stands as follows: Count I against Defendant Warren; Count II against Defendant Romney; Count III against Defendant Pomerantz; Count IV against Defendants Central Classification Committee Members John/Jane Doe; and Count V against Defendant Warren. No other counts against no other defendants may proceed.

Defendant Romney must answer Count II.

Defendants Warren and Pomerantz previously filed an answer to Plaintiff's complaint. (Doc. 19.) Because the proposed FAC does not amend Counts I, III or V, the

Court will not require Defendants Warren and Pomerantz to file another answer but rather will construe their existing answer as operative against the FAC. *KST Data, Inc. v. DXC Technology Company*, 980 F.3d 709, 715 (9th Cir. 2020) ("A defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not 'change the theory or scope of the case.'" (quotation omitted)). Additionally, there are two dispositive motions pending before the Court: (1) Defendants' motion for partial summary judgment (Doc. 29) and Defendants' motion for summary judgment (Doc. 47). Because the proposed FAC does not amend the relevant counts, the Court will not require Defendants Warren and Pomerantz to refile these motions but rather will construe both as operating against the FAC. *See id.*

**IT IS ORDERED** that Plaintiff's Objections (Doc. 21) to the R&R are **SUSTAINED in part and OVERRULED in part**, and the R&R (Doc. 17) is **ACCEPTED in part and NOT ACCEPTED in part**

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint (Doc. 11) is **GRANTED in part and DENIED in part** as explained herein. The Clerk of the Court is directed to file the document lodged at Doc. 12.

Dated this 13th day of May, 2026.

Douglas L. Rayes
Senior United States District Judge

- 7 -